IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CYNTHIA HIGGINS-WALSH,

    Plaintiff,

v.

BEND STORAGE & TRANSFER, INC.,
a domestic business corporation, JAMES
L. LYNCH and NANCY LYNCH,
Individuals.

    Defendants.

Case No. 6:16-cv-02172-MK
**ORDER**

AIKEN, District Judge:

    Magistrate Judge Jolie Russo has filed her Findings and Recommendation ("F&R") (doc. 66) recommending that defendant's Motion for Partial Summary Judgment (doc. 53) should be GRANTED in part and DENIED in part. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

    When either party objects to any portion of a magistrate judge's F&R, the district court must make a *de novo* determination of that portion of the magistrate judge's report. *See* 28

U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert denied*, 455 U.S. 920 (1982).

Both parties have filed timely objections to the F&R (docs. 68 and 69) as well as timely responses to those objections (docs. 70 and 71). Thus, I review the F&R *de novo*.

Plaintiff avers that Judge Russo erred in finding that plaintiff's state statutory claims were untimely and equitable tolling was not triggered, that the individual defendants could not be liable for aiding and abetting discrimination, that defendants did not have the requisite number of employees to trigger a right to reinstatement under Or. Rev. Stat. 659A.043(2)(b)(D), that plaintiff was not actually disabled regarding her federal disability claim. I find no error in Judge Russo's through analysis of these issues.

Defendants object to the F&R on the basis of Judge Russo's finding that there is a question of material fact as to whether plaintiff was perceived as disabled. Defendants specifically complain that the F&R did not address whether the perceived injury was transitory and minor. Having reviewed the objections and the F&R, I agree with Judge Russo and find there is a question of material fact as to whether defendants regarded plaintiff as disabled.

Regarding defendants' second objection that the F&R does not address their request for summary judgment as to whether plaintiff sought reinstatement in 2016, I decline to rule on that issue at this time.

///

///

///

///

///

In sum, I find no error in Judge Russo's F&R. Thus, I adopt Magistrate Judge Russo's F&R (doc. 66) in its entirety. Accordingly, the Motion for Partial Summary Judgment (doc. 53) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this 28th day of September, 2018.

_____
Ann Aiken
United States District Judge